UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD A. HARRIS,

    Plaintiff,

v.                                                           Hon. Jane M. Beckering

STATE OF MICHIGAN, et al.,                 Case No. 1:25-cv-367

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Edward A. Harris filed his pro se complaint in this action on April 2, 2025 against the State of Michigan and Katherine Carpenter, the biological mother of his child, E.A.H. According to the complaint, Plaintiff and Carpenter were parties to a custody proceeding in the Kent County Family Court, which issued a custody order as to E.A.H. on February 20, 2025. (ECF No. 1 at PageID.2–3.) Plaintiff alleges that the custody order was invalid for a number of reasons, including that the state court lacked jurisdiction under Article III of the United States Constitution to adjudicate private custody matters. Plaintiff also alleges that he is being unlawfully compelled to pay fees and court costs pursuant to an order issued without jurisdiction or due process. (*Id.* at PageID.1.) For relief, Plaintiff seeks a declaratory judgment that the State of Michigan and its courts lacked jurisdiction to enter the order; an injunction against any custody and cost order issued without due process; restoration of full custodial rights; reimbursement or nullification of court costs unlawfully assessed; and costs and attorney's fees under 42 U.S.C. § 1988. (*Id.* at PageID.5–6.)

Having granted Plaintiff's motion to proceed as a pauper (ECF No. 4), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Having conducted this initial review, I conclude that Plaintiff's complaint must be dismissed because the State of Michigan is immune from suit in this Court, and the complaint is legally frivolous because it is barred by the *Rooker-Feldman* doctrine.

First, regardless of the form of relief requested, the States and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, Plaintiff's action against the State of Michigan is barred by the Eleventh Amendment.

The Court lacks jurisdiction over the remainder of the complaint. The *Rooker-Feldman* doctrine has its roots in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and provides that lower federal courts are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008). The Supreme Court has clarified the scope of the doctrine, confining it to "cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon Mobil*, the Sixth Circuit "distinguishe[s] between plaintiffs who bring an impermissible attack on a state court judgment—situations in which *Rooker-Feldman* applies—and plaintiffs who assert independent claims before the district court—situations in which *Rooker-Feldman* does not apply." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010).

Here, Plaintiff's complaint falls into the former group of cases: an impermissible attack on a state-court judgment. Plaintiff complains of injury arising from the state-court's custody order and essentially asks this Court to reverse it and provide him relief from its terms. (ECF No. 1 at PageID.2-3.) In short, Plaintiff is asking this Court to act as an appellate court to review the state court's order. However, it is well established that there is no federal jurisdiction when, as here, "the claim is 'a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case.'" *Loriz v. Connaughton*, 233 F. App'x 469, 474 (6th Cir. 2007) (quoting *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002)). Plaintiff must raise his challenges to the order in the Michigan Court of Appeals.

Because a claim barred by the *Rooker-Feldman* doctrine is legally frivolous, *see Alpern v. Lieb*, 38 F.3d 933, 934–35 (7th Cir. 1994), dismissal pursuant to 28 U.S.C. § 1915(e)(2) is appropriate. *See Parker v. Phillips*, 27 F. App'x 491, 493–94 (6th Cir. 2001) (holding action to be frivolous under Section 1915(e) where one ground for dismissal is *Rooker–Feldman*).

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's complaint be **dismissed** without prejudice.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  April 15, 2025                                  /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).